# Mifflin's Estate.

*Wills—Construction—Children—Grandchildren—Trusts.*

1. Testatrix provided that her property should be held in trust for her seven children so that each should receive "an equal seventh part" of the income, without liability for debts, during his or her life; that upon the decease of any of her children leaving children or issue they were to take the proportionate share of the parent "in fee simple;" that upon the decease of any of her children without leaving children or issue, the income of a child so dying was to be divided equally among the surviving children of the testatrix, the issue of any of her seven children who might then be dead to take between them the part which their parent would have taken if living, adding, "such accruing shares to be regarded in all respects as parts of their original shares, both as to the enjoyment and transmissions thereof." *Held*, that the clause last quoted referred to the shares originally taken by the children, and not the shares coming to grandchildren through the death of childless uncles and aunts.

2. Such a construction is not defeated by a provision that each of the said children should have the power to limit and appoint by will the income coming to him or her so that it would be enjoyed for life by a surviving widow or husband; and that if any of said children should leave issue, such child might limit and appoint how his or her "child, children or issue," should take "whether in fee simple or for any other estate upon trusts or otherwise."

3. Words employed by the testatrix in such case in providing for the disposition of her property after the death of any of her children without leaving any child him or her surviving, viz.: "to receive and pay over the rents and income of such share or shares" to beneficiaries indicated, in the absence of a limitation over, or any express or implied restriction upon the payment of the corpus, carry with them the right to the principal absolutely.

4. Where an instrument suggests it, the law encourages a construction favorable to the unfettering of an estate rather than one which leads to a prolonged restraint upon its free alienability.

Argued March 27, 1911. Appeal, No. 35, Jan. T., 1911, by Thomas Mifflin, from decree of O. C. Phila. Co., Oct. Term, 1888, No. 400, dismissing exceptions to adjudication in Estate of Sarah L. Mifflin, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that Sarah L. Mifflin provided in her will: "All the rest and residue of the property and estate to me belonging or subject to my appointment I devise and appoint unto my brothers, John Large and James Large, their heirs and assigns, in trust, for the sole and separate use of my children, James L. Mifflin, Thomas Mifflin, John L. Mifflin, William Mifflin, Mary Mifflin, Martha Mifflin, and Phebe Morris Mifflin, to receive and pay over to them or to permit and suffer them to take, receive and enjoy, each an equal seventh part of the rents, issues, interest and profits thereof, for and during their respective lives, but without liability to the debts or engagements of them my said children or any of them; and upon the further trust on the decease of my said children respectively if leaving any children or child or the issue thereof to survive him or her, to grant, assign, and convey his or her proportionate share of the said residuary property and estate to and among the children or child or the issue thereof of my said children, if but one solely, if more than one equally share and share alike, the issue of deceased children of my said children to take equally the share or shares his or her parent would have taken, if living, in fee-simple; but if any one or more of my children shall die without leaving any child him or her surviving, then upon the further trusts to receive and pay over the rents and income of such share or shares of such decedent or decedents to and equally among my surviving children or the issue of any of them deceased leaving issue, share and share alike, such issue taking the share if more than one equally, if but one solely, which their parent or parents would have taken if living, such accruing shares to be regarded in all respects, as part of their original shares, both as to the enjoyment and transmissions thereof; provided that each of my children shall have power to limit and appoint by will in writing to take effect after death, the rents and income of his or her share to any surviving widow or husband he or she may leave to

receive and enjoy the same until the death or marriage of such widow or husband, whichever may first happen; and provided that as respects any of my children who may leave issue at his or her death upon the further trust to assign, grant and convey his or her share of said property and estate to and among his or her child, children or issue as he or she may limit and appoint by writing in the nature of a last Will and Testament, whether in fee-simple or for any other estate upon trusts or otherwise; and upon default of any such will or appointment upon the further trust after the decease of any of my children who shall leave issue to survive him or her to hold the shares of any such issue who may be born during my life-time upon the like trusts and with the same powers as the shares hereinbefore devised or appointed in trust for my own children; Provided that it shall be lawful for any of my grandchildren or more remote issue so born within my life-time to dispose of his or her share of said property and estate absolutely and in fee-simple to whomsoever it may please him or her to give and devise the same; and provided if any one of my children be the last survivor of my family without leaving any issue of any of my children him or her surviving, then upon the further trust to assign and convey all the said trust estate and property as he or she shall by last will and testament direct, limit and appoint in fee-simple or for any less estate."

By appointment of the orphans' court the Land Title & Trust Company became trustee under the said will, and the principal accounted for by the said trustee is the subject of the adjudication from which this appeal has been taken.

The testatrix, Sarah L. Mifflin, died June 23, 1856, and left to survive her seven children: John Mifflin (who died July 8, 1859); Martha Mifflin (who died May 2, 1867); Thomas Mifflin (who died August 29, 1870), Phebe Mifflin (who died April 10, 1872); all childless and intestate; James L. Mifflin (who died September 25, 1872, leaving three children and a widow, and who exercised his power

of appointment by will and devised his "estate, interest and property" under the will of his mother to his widow for life, then to his children under the trusts of his will); Mary Mifflin (who died February 3, 1873, childless and intestate), and William Mifflin (who died May 13, 1899, leaving a widow but no issue, and who exercised his power of appointment in favor of his widow, Ann P. Mifflin, for life, without any limitation over; the widow died October 24, 1909). The sole surviving descendants of the testatrix are the three children of James L. Mifflin, viz., James Mifflin, Dorothea T. Frohock, and Thomas Mifflin. They are the only grandchildren of Sarah L. Mifflin, the testatrix, and they were all born during her lifetime.

The court below first awarded the entire balance of principal and income in accordance with the appointment contained in the will of James L. Mifflin, which directed that after the death of his widow the property should be held in trust for his children, to pay them the income during life, without liability for their debts, and upon their death, in trust for such uses as said children might respectively appoint and limit by will, or in default of appointment to their right heirs at law; but later, in a supplemental and amended adjudication, one-third of the estate was awarded to the trustees named in the will of James L. Mifflin, and the other two-thirds to the trustees under the will of Sarah L. Mifflin. Upon exceptions filed by Thomas Mifflin, the appellant here, the whole of the estate was again awarded to the trustees under the will of James L. Mifflin.

*Error assigned* was the refusal of the court below to award absolutely to appellant and the other two grandchildren of Sarah L. Mifflin the part of the trust estate which, under her will, was previously enjoyed by Mary Mifflin and William Mifflin.

*John G. Johnson,* with him *D. P. Hibbard* and *Samuel P. Tull,* for appellant.

*Eli Kirk Price,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 17, 1911:

The question to decide is, Do the three grandchildren of the testatrix, all of whom were born during her lifetime, take the shares of their uncle and aunt, William Mifflin and Mary Mifflin, absolutely and free of trust?

The testatrix provided that the property should be held in trust for her seven children so that each should receive "an equal seventh part" of the income, without liability for debts, during his or her life; that upon the decease of any of her children leaving children or issue they were to take the proportionate share of the parent "in fee-simple;" that upon the decease of any of her children without leaving children or issue, the income of a child so dying was to be divided equally among the surviving children of the testatrix, the issue of any of her seven children who might then be dead to take between them the part which their parent would have taken if living, adding, "such accruing shares to be regarded in all respects as part of their original shares, both as to the enjoyment and transmissions thereof."

We construe the clause last quoted as referring to the shares originally taken by the children of the testatrix and not to shares coming to grandchildren through the death of childless uncles and aunts. The word "their" used in connection with the phrase "original shares" is significant; it could not be referred to the grandchildren, for they had been given no "original shares." To "accrue" is "to come by way of increase; to be added as increase;" (Webster's New International Dictionary) and the grandchildren had no "original shares" that anything could be added to by way of increase.

The testatrix's plan seems to have been to keep her seven children on a par at all times, whereas no such idea is indicated as to grandchildren. The first and primary thought, and the only intention manifested in the will concerning grandchildren, down to the writing of the

clause in question, was that upon the death of any of the seven children their children should take a fee simple, not in trust.   Although the subsequent provisions make it possible for the respective children of the testatrix to limit the estates to be taken by their children directly through them, they fail to show any general or uniform plan for keeping the grandchildren on a par, such as the testatrix evidently intended to preserve for her own children; on the contrary, they indicate quite a different idea. All of which leads us to interpret the clause as having no reference to shares which might fall to grandchildren, after the death of their own parent, through the decease of an uncle or aunt without children him or her surviving.

As we view the will, the thought of the testatrix was that the property should be held in trust for her seven children, each to be paid an equal portion of the income; if any of them should die leaving children the latter should take the share of their parent in fee simple absolute; if any of them should die without leaving children or issue, the share of one so dying should be divided among the survivors of her seven children, the issue of a previously deceased child to take between them the portion that their parent would have taken if living; and that any accretions which might in this way come to a surviving child of the testatrix should be held in trust and treated as part of his or her original share, this restriction not to apply to the grandchildren.

Of course the will must be looked at from its four corners, but we find nothing therein to vary the conclusions just stated.   Immediately after the clause in question, the testatrix provided that each of her seven children should have the power to limit and appoint by will the income coming to him or her so that it would be enjoyed for life by a surviving widow or husband; and also if any of said children should leave issue, such child might limit and appoint how his or her "child, children or issue" should take, "whether in fee-simple or for any other estate, upon trusts or otherwise."   This gave the power

to each of the children of the testatrix to cut down and limit the estate of inheritance which would go to his or her children or issue upon and through the death of any one of the original seven children leaving issue him or her surviving, but it did not affect property coming to grandchildren through the death of a childless uncle or aunt, after the decease of their parent.

The testatrix displayed a special interest in the issue of her children born during her own lifetime, and she evidently desired that such grandchildren or issue should not have the absolute control during their lives of the shares which might come to them from their respective parents unless such parents should so appoint by will. In order to carry out this wish, and evidently for the protection of this special class, she provided that if any one of her seven children should die leaving issue who were born during the lifetime of the testatrix, and if the child so dying should not appoint by will how the share of such grandchildren should be enjoyed, then the shares inherited by such grandchildren should be held "upon the like trust and with the same power as the shares hereinbefore devised or appointed in trust for my own children;" adding, however, "that it shall be lawful for any of my grandchildren or more remote issue so born within my life-time to dispose of his or her share of said property . . . . absolutely . . . . to whomsoever it may please him or her to give or devise the same." This all has reference to shares which might be transmitted from any one of the seven original children to his or her children or issue, and it has no reference to a share coming directly to a grandchild of the testatrix through the death of a childless uncle or aunt, as in the present case.

The words employed by the testatrix in providing for the disposition of the property after the death of any of her seven children without leaving any child him or her surviving, viz., "to receive and pay over the rents and income of such share or shares" to the beneficiaries indicated, in the absence of a limitation over or any express or implied

restriction upon the payment of the corpus, carry with them the right to the principal absolutely: Millard's Appeal, 87 Pa. 457; Beilstein v. Beilstein, 194 Pa. 152; Shower's Estate, 211 Pa. 297; Schuldt v. Herbine, 3 Pa. Superior Ct. 65.  There was an express restriction so far as the children of the testatrix were concerned, for she provided that shares so accruing to them should be regarded in all respects as a part of their original shares; but, as we read the will, she failed in this connection to make any such provision concerning grandchildren, or to place any other restriction upon the payment of the principal to grandchildren who might take an interest in the property through the death of a childless uncle or aunt.

Where an instrument suggests it, the law encourages a construction favorable to the unfettering of an estate rather than one which leads to a prolonged restraint upon its free alienability.  Here the primary and underlying intent expressed by the testatrix was that the second generation should take her property in fee simple absolute; hence the estates of the grandchildren should not be cut down or restricted in any instance unless a manifest purpose so to ordain, or to permit the first generation so to appoint, can be found in the will; and this, so far as the present contingency is concerned, we fail to see.  We therefore conclude that the corpus of that part of the estate of the testatrix which was last enjoyed by her two children, William Mifflin and Mary Mifflin, should have been awarded to the appellant, Thomas Mifflin, his brother, James Mifflin, and his sister, Dorothea T. Frohock, in equal parts, absolutely and free of all trusts.

The assignments of error are sustained, and the record is remitted to the court below with directions to modify its final decree in accordance with the views expressed in this opinion.  The costs to be paid as may be ordered by the orphans' court.