## Stevens's Estate.

*Wills—Trusts and trustees—Life estate—Spendthrift trust—Appeals—Jurisdiction of orphans' court—Question not raised below.*

1. The general rule is that a gift of the income of land without interposition of a trustee, and with no gift in remainder, is a gift of the land itself. If, however, a testator intends a spendthrift trust to attach to property given to a daughter for life under an earlier clause, this intent necessarily cuts down the legal estate to an equitable one subject to the trust created by the later clause of the will.

2. Where a testator gives to his daughter for life "the net rents, issues and profits" of real estate, subject to necessary expenditure for taxes, water rents, insurance and repairs, and also a money legacy of $10,000, and after making other devises and bequests to children and grandchildren named, as well as to third persons, directs that the income, legacies and devises so given "for the benefit" of his daughter and other persons mentioned, "are to be for their separate respective and exclusive use and benefit," so that they shall not be sold or parted with by way of anticipation, nor subject to judgments, debts or liabilities of the beneficiaries, the daughter takes an equitable estate for life with the legal estate vested in the trustees.

3. In such case, where the daughter takes an appeal from a decree against her, she cannot on the appeal raise an objection to the jurisdiction of the orphans' court for the first time, on the ground that the account under consideration did not include items of rents and profits from the real estate devised to her, and therefore that the construction of such clause was not properly before the court.

Argued April 19, 1920. Appeal, No. 149, Jan. T., 1920, by May Stevens Brantly, from decree of O. C. Blair Co., No. 174½ of 1919, dismissing exceptions to report of auditor, in estate of A. A. Stevens, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to report of A. H. McCamant, Esq., auditor. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions to the auditor's report. May Stevens Brantly, daughter of testator, appealed.

*Error assigned* was, inter alia, decree of court.

*Herbert T. Ames,* for appellant.—The rule that a former clause of a will must give way to a later, is never invoked except as a last resort: Moore's Est., 241 Pa. 253.

A clearly expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal: Sheetz's App., 82 Pa. 213; Coles v. Ayres, 156 Pa. 197; Post Printing & Pub. Co. v. Ins. Co. of N. A., 189 Pa. 300; Devine's Est., 199 Pa. 250; Jones v. Strong, 142 Pa. 496.

*William L. Pascoe,* with him *Albert G. Pascoe,* for appellee.—The daughter took a life estate subject to the trust: Hemphill's Est., 180 Pa. 95; Wolfinger v. Fell, 195 Pa. 12; Deniston v. Deniston, 263 Pa. 224; France's Est., 75 Pa. 220; Moore's Est., 241 Pa. 253.

OPINION BY MR. JUSTICE FRAZER, May 26, 1920:

This appeal is from a decree of the orphans' court dismissing exceptions to the report of an auditor appointed to distribute funds in the hands of a testamentary executor and trustee.

Adie Allen Stevens died January 1, 1917, leaving a will in which he devised to his daughter, May Stevens Brantly, for life, "the net rents, issues and profits" of certain real estate, subject to necessary expenditure for taxes, water rent, insurance and repairs, also the furniture in his homestead property and a money legacy of $10,000 in cash, the latter "to be paid to her by my executors and trustees in amounts not exceeding $1,000 annually." After making numerous other devises and be-

quests to children and grandchildren named, as well as to third persons, testator directed "that the income, as well as the legacies and devises of every kind and description which I have heretofore and herein given and provided to be paid to or for the benefit of my daughter," and for other persons mentioned, "are to be for their and each of their respective, sole, separate and exclusive use and benefit, so that the same shall not be in any manner sold, aliened, assigned, appropriated, disposed of or parted with by anticipation, or before the same shall have accrued and become payable; nor subject, in any event, to judgment, execution, attachment, sequestration or other adversary proceedings whatsoever, for their respective present or future debts or liabilities, or for any debts or liabilities whatever." The court below held these provisions of the will gave the daughter an equitable estate for life with the legal estate vested in the trustees, and, accordingly, directed the executor and trustee to collect the rents and profits, and, after deducting expenses, pay the net income to testator's daughter for her life, in accordance with the spendthrift trust created in the will. The contention of the daughter is that the first paragraph of the will gave her a life estate, entitling her to the income free from any trust.

Appellant questions the jurisdiction of the auditor and the court below to pass on the construction of the will, in so far as the interest of the daughter under the foregoing provisions is concerned, on the ground that the account under consideration did not include items of rents or profits devised by the clause in question, and, therefore, the construction of such clause was not properly before the court. Appellant excepted in the court below to the conclusion of the auditor and there argued the case on its merits without raising the question of jurisdiction. Having done so, and the court having passed upon the questions raised by the exceptions as if the case were properly before it, the objection to the

jurisdiction cannot be raised for the first time in this court: Hurt v. Fuller Canneries Co., 263 Pa. 238, 241, and cases cited.

The remaining question is whether the court below erred in holding appellant's life estate was merely equitable and not subject to the spendthrift trust. The general rule is that a gift of the income of land without interposition of a trustee and with no gift in remainder is a gift of the land itself. If, however, testator intended the spendthrift trust to attach to the property given to the daughter for life under the former clause, this intent necessarily cuts down the legal estate to an equitable one subject to the trust created by the latter clause in the will. That such was testator's intention does not seem to admit of serious doubt. The original gift was not of the gross income, but merely the "net" revenue after all carrying charges and incidental expenses were deducted. This situation distinguishes the case from the ordinary one of a life estate in the property itself created by a gift of all income therefrom: Deniston v. Deniston, 263 Pa. 224, 229-30. The appointment of trustees and the subsequent provision that the income, legacies and devises "of every kind and description" given "heretofore and herein" for the benefit of testator's daughter, and the further provision creating a spendthrift trust as to all such property, make it clear that testator intended to give, not an absolute life estate in the property, but merely the net income subject to an active trust intended for the daughter's benefit: Wolfinger, Exr., v. Fell, 195 Pa. 12; Deniston v. Deniston, supra.

The decree of the court below is affirmed and appeal dismissed at costs of appellant.