### SHARPE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7008.

Circuit Court of Appeals, Third Circuit.

Nov. 2, 1939.

Rehearing Denied Dec. 7, 1939.

Paul F. Myers, of Washington, D. C., and W. Logan MacCoy, of Philadelphia, Pa., for petitioner.

Berryman Green, Sp. Asst. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

Before MARIS, CLARK, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

This case involves the construction of the will of John Gilbert, who died in Pennsylvania on June 28, 1877. The Commissioner of Internal Revenue made an additional assessment against Gilbert's granddaughter, Catharine D. Sharpe, in the amount of $46,970.63. The Board of Tax Appeals sustained the Commissioner (38 B.T.A. 502), and this proceeding is on a petition to review that decision.

A construction of John Gilbert's will is involved. Under the third item of his will, after placing his coal lands in trust, he provided that the rents therefrom should be paid as follows:

"2. To pay to my beloved wife an annuity of fifteen thousand dollars * * * during her natural life * * * and at her death the payment of this annuity is to be continued and distributed pro rata * * * to my children and grandchildren."

"3. To pay to each of my children an annuity of two thousand dollars * * * during each of their natural life or lives, and in the event of the death of any of my children, the share of such deceased child or children to be paid to the child or children of such deceased child or children."

"4. * * * And lastly, the balance from this source (if any), after the payment of taxes and other expenses incident to these coal lands, I direct to be distributed at the expiration of each year to my wife and children, share and share alike, or to the child or children of any deceased child or children."

The residuary item is also involved. This provides: " * * * And the net proceeds of such rest and residue of my estate, I order and direct to be invested * * and the interest accruing therefrom to be paid semi-annually one-third thereof to my wife, and the other two-thirds to my child or children, or the lawful issue of any deceased child then surviving, to all intents and purposes as is provided by the intestate laws of this Commonwealth."

In all of these provisions Mr. Gilbert dealt with the income, but did not indicate how the principal forming the trust estate should pass. Where there is a gift of income of a trust without limitation as to time, or without gift over, the Pennsylvania courts have construed the gift to be in perpetuity, and have held that it carried principal with income. But this rule, which the courts have perhaps tended to restrict in recent decisions,[1] is at best but a rule of construction in aid of discovering the testator's intention. Rogers' Estate, 245 Pa. 206, 91 A. 351, L.R.A.1917A, 168; Gibbons' Estate, 317 Pa. 465, 177 A. 50. It is bounded by definition to cases where there is no limitation in time of the gift of income, and where there is no gift over.

Millard's Appeal, 87 Pa. 457; Mifflin's Estate, 232 Pa. 25, 81 A. 129; Wood's Estate, 261 Pa. 480, 104 A. 673; Gibbons' Estate, supra; Roberts' Estate, supra; Paine's Estate, 13 Pa. Dist. & Co. R. 629; and Id., 26 Pa. Dist. & Co. R. 281.

The judicial construction of the will by the state court determines not only legally but practically the extent and character of the interests taken by the legatees. Uterhart v. United States, 240 U.S. 598, 603, 36 S.Ct. 417, 60 L.Ed. 819. This court is bound by the decision of the State court. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. We must first therefore discover how the Orphans' Court of Philadelphia County, which had jurisdiction, construed Mr. Gilbert's will.

When Gilbert died his wife and five children were living. The widow died on March 23, 1880, but it does not appear from the record whether or not she left a will. Fannie G. Dixon, the mother of the petitioner, and the last surviving child of John Gilbert, died in 1931. An account of the executors and trustees of the Gilbert Estate was confirmed by the Orphans' Court of Philadelphia County in 1923, and Judge Thompson, the auditing judge, pointed out that the will disposed only of income, not of principal, and raised, without deciding the question as to whether "the gift of income without limitation of time or gift over * * *" was "a gift of the principal. * * *" All of those entitled to take joined in requesting that the principal be awarded to the trustees, pending the death of Fannie G. Dixon, and the construction of the will at that time, and the auditing judge accordingly made such an award.

Of the original five children Kate and Clara had died leaving no issue; Ida had died leaving one child, Clayton Gilbert Dixon; Samuel H. Gilbert had died leaving two children, John Gilbert and Gertrude Gilbert (now Loening). On August 18, 1924, Mrs. Dixon, who was the last surviving child, and the three living grandchildren referred to, joined in a deed of trust which, after reciting the provisions of the will, in effect provided that the trust of the coal lands should be carried on in the manner provided in the will.

---

[1] See Roberts' Estate, 26 Pa.Dist. & Co.R. 307, 310. "Consequently the ancient rule is not so universal in application as it was when uttered."

Fannie G. Dixon died on April 2, 1931, leaving a will under which letters were granted to her daughter, Catharine D. Sharpe, the petitioner, to whom the residue of Mrs. Dixon's Estate was given. An account and petition for distribution were then filed in the Gilbert Estate, and Judge Stearne, of the Orphans' Court of Philadelphia County, approved the account in an adjudication in which, after describing the three items of the will to which we have referred, and referring to Judge Thompson's adjudication, he said: "It therefore would appear that the trust was kept alive until the death of the last surviving of testator's five children (which has now occurred) by agreement of the parties in interest. I now find that the trust consisted of a gift of income only, without any limitation of time or gift over of principal, and under the cases cited in Judge Thompson's Adjudication quoted as above, there is no alternative than that those entitled to income are now entitled to principal outright. The rule has always been that a gift of income without limitation as to time and without a gift over of principal is a gift of the corpus itself. See Mifflin's Estate, supra." The learned Judge awarded the balance of principal, subject to the payment of transfer inheritance tax, if found to be due, and income, as follows:

Catharine D. Sharpe, a granddaughter, one-third,
Clayton Gilbert Dixon, a grandson, one-third,
John Gilbert, a grandson, one-sixth,
Gertrude Gilbert, a granddaughter, one-sixth.

except that accrued income to the date of Mrs. Dixon's death was awarded to her executrix.

So far as any question of this tax is concerned it makes no difference whether there was an intestacy, or whether the will is construed to have disposed of principal to the children. The net result under either construction would be that his children inherited immediately; and that the grandchildren, including this petitioner, took not from their grandfather but from their respective parents, and under either view the inheritance is taxable. The question, which does not clearly emerge from the Board's opinion, or from the briefs before us, is whether Judge Stearne applied the principle of construction to the children as a class or to the grandchildren.

Judge Stearne recited the death of each child, and the manner in which, under various wills and deeds of trust not necessary to specify here, each grandchild received his proportionate share of principal, per stirpes—two, one-third each, and two, one-sixth each. It so happens that this share would have been the same if these grandchildren had taken directly from their grandfather, after the life estates in the children, each grandchild taking his or her proportionate share. But that Judge Stearne should have traced out the descent in detail, under the wills and deeds of trust, shows that he was of the opinion that the children took the principal of the trust estate. If the grandchildren had taken directly from their grandfather, who died in 1877, there would of course have been no inheritance tax.

The question presented to us has therefore been specifically decided by the Orphans' Court, and that decision, unappealed, is binding. The Board of Tax Appeals, coming to the same conclusion, seems to have regarded the point of law involved as open for decision, whereas it would have been more appropriate if it had confined the decision to determining what the Pennsylvania Court held. The Board of Tax Appeals held that as a matter of law Fannie G. Dixon had a vested interest in the corpus of her father's estate, the value of which was includable in her gross estate under Section 302 of the Revenue Act of 1926, 44 Stat. 70, 26 U.S.C.A. § 411. Gilbert's will was construed by the Board to set up no limitation as to the gift of income and to make no gift over of the corpus so that the intention was to give the corpus itself.

■ We have noted the tendency of recent decisions to restrict the rule of construction. Under Gibbons' Estate, 317 Pa. 465, 468, 177 A. 50, 51, the Supreme Court of Pennsylvania recognized another exception to the rule when "the trustee has active duties to perform"; and broadened the possibilities of escape from its application by qualifying it where "the will discloses anything to indicate a contrary intent." In other words where a man creates a trust he doesn't intend that it shall be disregarded, and the definition of trust assumes active duties, however slight. Former decisions had hinted at this result; but none so sweepingly. Thus a spendthrift trust was held to prevent the

operation of the rule;[2] the rule in Shelley's case was not applied where the interest of the first taker was only in net income;[3] a gift of income to a drunken son, with a direction that a trust company should manage the real estate, carries no principal to him;[4] a gift of income to a widow with power of sale of land in the executor, prevents the principal from passing to her;[5] power to improve real estate (or a power to sell it) negatives an implied intention to pass the fee;[6] and as far back as 1890 Chief Justice Paxson said that an active trust "intended to preserve the contingent remainders" showed an intention "to sever the product from its source".[7] Managing coal lands is, today certainly, an active duty to perform. But Gibbons' Estate was not decided until four years after Judge Stearne's adjudication, and there was not, apparently, sufficient warrant in the earlier cases to persuade him to apply the broader exception. But, as we have pointed out, the petitioner would not have been helped if the Orphans' Court had, under the scope of Gibbons' Estate, declared an intestacy. The result would have been the same—a tax on Mrs. Sharpe's share of the principal.

Nor need we consider whether, as an original proposition, the clauses of the will in question should not be construed separately; and, even if the rule is applied in favor of the children to the words setting up the annuity of $15,000, it might not be applicable to the two thousand dollar annuities to each of the children, which were limited to their lives (as Judge Thompson had noted); and should not be invoked to exclude the wife who shared equally with the children in the two residuary clauses. But no such distinctions are suggested in Judge Stearne's opinion, which is a final determination of the manner in which the petitioner took.

Petitioner argues, with apparent cogency, that not the opinion but the award itself is determinative, and that Judge Stearne awarded the corpus, not to Mrs. Dixon's executrix, as he would have done had Mrs. Dixon taken the corpus from her father, but to the petitioner, showing that she took it directly from her grandfather. But Mrs. Sharpe was to take ultimately; and the practice of short-cutting through to the final beneficiary in this manner is not uncommon. That the award does not indicate that the court meant that Mrs. Sharpe took from her grandfather is shown by its being made subject, as to principal, to the payment of transfer inheritance tax.

As noted, Fannie G. Dixon died on April 22, 1931. In the report of her gross taxable estate there was included an item of accrued income; and it was stated in this return that she had a life interest in her father's estate. This report was accepted and no action to assess an additional tax against Mrs. Dixon's Estate was taken within the statutory period of limitation. In September, 1935, the ruling was changed, and the Commissioner gave notice that he proposed to assess an additional tax against Mrs. Dixon's transferee, the present petitioner. It is not claimed that this assessment was not made within the statutory period applying to transfers; but petitioner argues that the Government is equitably estopped from asserting the tax. But if he acts in time the Commissioner is not bound by his former construction of the law, Burnet v. Porter, 283 U. S. 230, 51 S.Ct. 416, 75 L.Ed. 996; Omaha Baum Iron Store v. United States, Ct. Cl., 8 F.Supp. 703, certiorari denied 296 U.S. 576, 56 S.Ct. 87, 80 L.Ed. 407. The estate tax return was filed on October 9, 1931, and the period of limitation for an additional assessment against the Dixon Estate was three years under Sec. 310 of the Revenue Act of 1926, 26 U.S.C.A. §§ 474(a), 475. The limit for assessment of liability against the transferee, under Sec. 316 of this Act, 44 Stat. 80, was one year after this three year period had expired. The Commissioner mailed the notice on September 25, 1935, which was therefore within the period.

The decision of the Board of Tax Appeals is accordingly affirmed.

---

[2] Stevens' Estate, 267 Pa. 479, 110 A. 159.

[3] Deniston v. Deniston, 263 Pa. 224, 106 A. 200.

[4] Schuldt v. Reading Trust Co., 270 Pa. 360, 113 A. 545.

[5] Kline's Appeal, 117 Pa. 139, 11 A. 866.

[6] Gibbons' Estate, 21 Pa.Dist. & Co. R. 319, 325, in Judge Stearne's dissent.

[7] Eichelberger's Estate, 135 Pa. 160, 172, 171, 19 A. 1006, 1007, 1014.