OPINION. HaeRon, Judgé: The Commissioner determined in his deficiency notice (a) that the decedent had a vested remainder interest in one-eighteenth of the trust corpus, after the life estate of J. Sergeant Price, Jr., having a value at the time of decedent’s death of $213,828.73, and (b) a vested interest in one-ninth of the trust corpus, after the life estate of his mother, Elizabeth Price Martin, having a value at the time of decedent’s death' of $561,119.80, and that these interests are includible in decedent’s gross estate under section 811 (a) of the 1939 Code. Both of these determinations were founded upon the view that the decedent had these vested interests under the will of Eli K. Price. With respect to the interest in one-ninth of the trust corpus, the Commissioner took the position that Elizabeth Price Martin failed to exercise her power of appointment properly so that there was default of appointment. The Commissioner, on brief, receded from both determinations. The executors of decedent’s will included in gross estate in the estate tax return, at $107,557.41, the value of a right to receive one-ninth of the trust income until the termination of the trust. In their petition to this Court, the petitioners pleaded that such interest is not includible in the gross estate. The Commissioner contends that such interest is includible under section 811 (a), and that the value thereof at decedent’s death was $114,133.30. This is the only question remaining for decision. The decedent’s mother, Elizabeth Price Martin, had a testamentary power of appointment over the income of her proportionate share of the Price Trust, as well as over part of the trust corpus, during the term of the trust, which she exercised in her will. The parties are agreed that at the time of our decedent’s death, Elizabeth’s proportionate share of the trust was one-third (the interest of Anna it. W. Martin having fallen in upon the deaths of herself and of her husband without issue), and that if our decedent had an interest in the income of such share of the trust, his interest at the time of his death was one-ninth. The petitioners contend that Elizabeth effectively exercised her testamentary power of appointment; that, properly construed, her appointment was to her child or children living from time to time during the term of the trust; and that the interest of our decedent and his estate in trust income was cut off by his death prior to the termination of the trust. The petitioners first rely upon the adjudication of the Orphans’ Court on July 3,1950, which determined, among other things, that our decedent’s estate had no interest in any income of the trust upon and after the death of our decedent. The petitioners contend that the adjudication of the Orphans’ Court involved a determination of property rights, and, therefore, its adjudication is controlling and is binding upon us, whether or not the proceeding in the Orphans’ Court was contested, citing Freuler v. Helvering, 291 U. S. 35, 45; Blair v. Commissioner, 300 U. S. 10; Uterhart v. United States, 240 U. S. 598, 603; Helvering v. Bullard, 303 U. S. 297; Sharpe v. Commissioner, 107 F. 2d 13, certiorari denied 309 U. S. 665; and Estate of Blanche B. Gilbert, 4 T. C. 1006. Petitioners point out that the proceeding in the Orphans’ Court was an in rem proceeding (which is true), and they cite Wormley Estate, 359 Pa. 295, 299, 59 A. 2d 98, where the court said in reference to an accounting proceeding over principal and income of an estate: in such, proceedings, which are strictly in rem, it certainly had jurisdiction over any interested person, if properly notified, even though without the jurisdiction and not otherwise subject to the power of the State. In Princess Lida v. Thompson, 305 U. S. 456 (relied upon by petitioners), involving an accounting proceeding by a trustee in the Orphans’ Court of Pennsylvania, the Court said (at p. 464) : The jurisdiction extends to a trust like the present created by deed or voluntary agreement. The audit and confirmation of the account is to be had after advertisement and other forms of notice and is binding on all those anywise interested in the estate who have had the required statutory notice of the audit. We agree with petitioners that the estate of our decedent was a party to the proceeding in the Orphans’ Court. The respondent argues that the determination of the Orphans’ Court is not binding upon this Court. He relies solely upon Susan Young Eagan, et al., Executors, 17 B. T. A. 694, 702, reversed on other grounds 43 F. 2d 881. That case presented the question whether a bequest by a decedent qualified for the estate tax charitable deduction. Although the Court held the deduction allowable, it rejected the taxpayer’s contention that the right to the charitable deduction was governed by a State statute or decree and held that the charitable purpose must be determined under the Federal estate tax statute. The Eagan case, unlike this case, did not present, a question of a property right under State law. The distinction is well stated in G. C. M. 20965, 1939-1 C. B. (Part 1) 194, 195, as follows: It is the opinion of this office that the decree of the Orphans Court of R County, State of S, until reversed or overruled establishes the law of that State as to the distribution of the income in question. It is a well recognized rule that where the question involved is the meaning of a Federal revenue law, the will of Congress controls over local law. (Eagan v. Commissioner, 43 Fed. (2d), 881). However, when the application of the Federal revenue law is dependent upon facts which can be interpreted only in accordance with State rules of property, the State rule must prevail. - Such appears to be the situation here. Wliether or not the adjudication of the Orphans’ Court is binding upon us[3] in this proceeding, the result is the same. Wholly aside from the adjudication of the Orphans’ Court, the proper interpretation of the appointment of the trust income by the will of Elizabeth Price Mártin is that the income shall go to her issue living from time to time during the trust term, so that the interest of this decedent and his estate in the trust income was cut off by his death. We conclude that the will of Elizabeth Price Martin made a valid appointment of her share of trust principal to her children and the issue of deceased children living at the date of the termination of the trust. The income was appointed in the same manner. If the will of Elizabeth Price Martin is construed literally, there was a possible invalidity of the appointment of income, since her children who survived the termination of the trust could not be determined at the time of her death and hence an invalid accumulation of income would have been involved. However, in Pennsylvania a literal interpretation of a will is to be avoided in order to arrive at the testator’s general intent. Lewis’ Appeal, 18 Pa. 318. Her intent here obviously was to give the income during the term of the trust to her children living from time to time and who would receive the trust principal on the termination of the trust. Where possible, an interpretation will be avoided which would lead to an unreasonable result or an invalid limitation. Renner Estate, 358 Pa. 409, 57 A. 2d 836. In Walker Estate, 376 Pa. 16, 101 A. 2d 652, the court said at pp. 22-23: A construction will be avoided which would lead to an unnatural, improbable or absurd result, and which, under all the language in the will, would constitute a highly improbable testamentary intent. The court said further (at p. 24) that in construing a will a testator is presumed not to have intended to die intestate. Similarly, here, where Elizabeth Price Martin plainly intended that the income and principal of her share should go to living children, a construction is to be avoided which would be contrary to that intent or would result in a failure of disposition of income. We take the view, therefore, that the Orphans’ Court correctly construed the appointment of income to those issue of Elizabeth Price Martin who were living from time to time. Even if the above-mentioned rule of construction adopted by the Orphans’ Court is disregarded and the trust income is deemed to pass under the provisions of the will of Eli K. Price for disposition in default of appointment, the result is the same and the income passed to the issue of Elizabeth Price Martin living from time to time during the trust term. The rule governing the right to receive income during the trust term of a person whose right to receive principal depends on surviving the termination of the trust is stated in Wood's Estate, 321 Pa. 497, 501, 184 Atl. 13, where the facts were quite similar to those of this case. In that case the.testator’s will left property in trust with direction to the trustees to divide the income into three lots. The will then provided as follows (p. 499) : During tbe lifetime of my brother Edward R. Wood, should he survive me, the one-third part of one of said lots shall be paid to him, and the remaining two-thirds part of said lot shall be divided equally between such of his children as may survive me, and in case of the death of my said brother, the entire lot shall be divided equally between the children who survive. A principal distribution was directed at the dates of the deaths of testator’s brother Edward and another brother and a sister, of which a portion was to be paid to Edward’s sons, Charles B. Wood and Edward B. Wood, Jr. The testator was survived by his brother Edward and four of his children, of whom two children, Charles B. Wood and Edward B. Wood, Jr., died prior to the termination of the trust and prior to the death of their father, Edward. It was held that the income paid to the deceased children during their lifetimes became payable on their deaths to the remaining children of Edward and not to the estates of the deceased children. The court said at pp.500-501: In a gift of income to a class, where a member of the class dies without issue before the time for principal distribution, the share of that member falls in and, in the absence of a contrary intent, increases the shares of the surviving members of the class, who therefore take in preference to the personal representatives of the deceased member. [Citing cases.] * * * In a gift of income, distributees are to be ascertained at each periodic distribution by the formula provided by testator: [Citing cases.] This is necessarily true even though testator does not specifically direct a periodic payment; for, from the nature of a gift of income, there must be periodic distribution, whether annually, semiannually, or otherwise, and the distributees must be determined anew at each such period. It follows that, where income is given to a class, the distributees entitled to take at any period of distribution are the members of the class who are alive at that time, or, where representation by issue is provided, the living issue of deceased members. See also Anderson Estate, 165 Pa. Super. 353, 67 A. 2d 783. The language of the will in the Wood case is quite similar to the language of the will of Eli K. Price. In the Wood case, the testator gave the income to “such of his [the brother’s] children as may survive me,” and it was held that the share of income of children dying after the testator’s death and during the trust term should go to living children of the brother and not to the estates of the deceased children. Here, the will of Eli K. Price provided that if a grandchild of the testator made no appointment and left “a child or children to survive, or their issue, these so living shall take said share of income.” It follows from the Wood case that on the death of Sergeant Price Martin, his share of income went to his sisters, the living children of Elizabeth Price Martin, to whom the principal was appointed on termination of the trust. Moreover, the will of Eli K. Price shows a clear intention throughout that his property and the income from his property shall go only to living descendants and not to estates of deceased descendants. It is held that the decedent’s estate had no interest in any share of income of the Price Trust during the remainder of the term of the trust, and that the value of such interest is not includible in decedent’s gross estate. Decision will be entered under Bule 50. Estate of Ralph Rainger, 12 T. C. 483, 495. Cf. Estate of Sallie Houston Henry, 47 B. T. A. 843, 849 ; Estate of Rose M. Harter, 3 T. C. 1151; Estate of George H. Balzereit, 46 B. T. A. 959, 961; Letts v. Commissioner, 84 F. 2d 760.