## Stewart Estate

*Desmond J. McTighe*, of *McTighe, Mullaney, Weiss, Bonner, Steward* and *O'Neill*, for accountant.

TAXIS, *J.*, December 18, 1979—At the time of audit, the court was asked to approve a reserve of $5,000 for decedent's three cats and the consequent prepayment of several residuary bequests and to make a finding as to whether a specific residuary devise was adeemed.

Decedent died on September 27, 1978, leaving a will dated July 12, 1975 and survived by her three cats. After specifically disposing of her books, decedent left the residue of her estate in trust to her executrix for the maintenance, care and feeding of her three cats: "Preserved," the 14-year-old mother, and her two 13-year-old offspring, "Marmalade" and "Relish." Following the death of the last surviving cat, decedent devised to Georgette M. Most her real property in Tuscon, Arizona; $1,000 to the Women's S.P.C.A. of Philadelpia, Pennsylvania; $1,000 to Grace Gonzales; $4,200 to Alice L. Podolyn; and the residue of the estate to Wellesley College.

The residuary estate, which is to be placed in trust, amounts approximately to $76,000, an excessive sum for the care of Preserved, Marmalade and Relish. Such a trust constitutes an honorary trust, which cannot be given effect because decedent has not named a person, corporation or association with a beneficial interest capable of enforcing the duties of the trustee. However, this does not mean that Preserved, Marmalade, and Relish should live the rest of their natural lives without adequate funds. Such would be contrary to the intent of decedent. But it is also clear that decedent intended that, after the deaths of her four-footed friends and the payment of some minor bequests, the remainder goes to Wellesley College. By requesting that contributions be made to listed funds at the College should the residuary estate exceed

$15,000, decedent indicated a recognition that the better part of the estate might remain after the death of her pets. Furthermore, were the accountant to hold all of these funds in trust for the pets, greater inheritance tax would be incurred, which would be contrary to decedent's intent to benefit Wellesley College, a charity not subject to the tax.

Although such a trust cannot be given effect, there is precedent for creating a reserve of sufficient funds for the benefit of the pets, in order to accomplish the intent of the decedent and where the executrix has agreed to undertake the responsibility: Lyon Est., 67 D. & C. 2d 474 (1974); Renner Est., 358 Pa. 409, 57 A. 2d 836 (1948); 20 Pa.C.S.A. §6104.

The accountant has made an arrangement with Grace Gonzales, who is a legatee under the will and who did housework for decedent for many years, to take care of Preserved, Marmalade and Relish in her home for $75 per month. In addition, to conserve the fund, the accountant has agreed to pay inheritance tax annually as the principal is consumed.

Due to inflation and the rising cost of cat food, the accountant requests that the court award to her the sum of $5,000 to be deposited by her in a savings account, subject to the condition that upon the death of the last cat, the balance shall be paid to Wellesley College. Wellesley College has agreed to the arrangement provided that they now receive the balance of the residue. The reserve fund is herewith approved.

• • •

As evidenced by satisfactions of award, the accountant has distributed $1,000 each to Grace Gonzales and the Women's S.P.C.A. of Philadelphia

and $4,200 to Alice L. Rosenthal, formerly Alice L. Podolyn, which distributions, under the provisions of the will, were to have been made after the death of the last surviving cat. However, in light of the views expressed in this adjudication, the distributions are herewith approved.

## ORDER

And now, December 18, 1979, this adjudication is confirmed nisi.