OTTO T. MALLERY and LOUISE MALLERY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92373. Promulgated September 27, 1940.

*Peter V. D. Voorhees, Esq.*, and *H. H. Yocum, Esq.*, for the petitioners.

*Paul E. Waring, Esq.*, for the respondent.

#### OPINION.

Murdock: The Commissioner determined a deficiency of $2,037.32 in income tax for 1934. He held that the Otto Co., to which Mallery contributed in 1934, was not organized and operated exclusively for charitable purposes and the contribution was not deductible under section 23 (o) (2) of the Revenue Act of 1934. The issues for decision are, first, is the question of whether the Otto Co. was organized and operated exclusively for charitable purposes *res adjudicata* for present purposes, and, second, if not, was the corporation operated exclusively for charitable purposes during 1934, the respondent conceding that it meets the other requirements of section 23 (o) (2). The evidence has been presented by a written stipulation supplemented by a brief oral stipulation read into the record and by two exhibits.

The Board decided in the case of *Otto T. Mallery*, 40 B. T. A. 778, that the Otto Co. was organized and operated during 1933, 1934, and 1935 exclusively for charitable purposes within the meaning of

section 505 (a) (2) (B) of the Revenue Act of 1932, so that gifts to it were deductible under that section in computing net gifts subject to gift tax for those years. The section allows the deduction, as charitable gifts, of all amounts given during a year to or for the use of:

> * * * a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *

The petitioner there was the same Otto T. Mallery who is one of the petitioners here. The deduction which he was allowed for 1934 in that case was based upon the same gift to the Otto Co. upon which he bases his claim for a deduction in this case. The words of the statute under which he claims the present deduction for income tax purposes[1] are identical in every material respect with those under which he was allowed the deduction for gift tax purposes.

The Supreme Court has said that the principle of *res adjudicata* applies to a subsequent action between the same parties upon a different claim or demand provided that the point or question to be determined in the latter action is the same as that litigated and determined in the original action. *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620. See also *Wobber Brothers*, 31 B. T. A. 133; *Bennett* v. *Commissioner*, 113 Fed. (2d) 837. This Board said in *Sands Springs Railway Co.*, 31 B. T. A. 392:

> The provisions of the respective revenue acts applicable to both cases are identical. Section 234 (a) (2), Revenue Act of 1921, and section 23 (b), Revenue Act of 1928. The parties are the same. The facts and circumstances surrounding this same issue of bonds, including the consideration therefor, have been constant since the bonds were issued. The mere failure of the petitioner to plead or prove any then existing and material fact in the earlier proceeding, would not seem to exclude it from the *res* therein adjudicated. * * *

See also *Pryor & Lockhart Development Co.*, 34 B. T. A. 687. The fact that the original case of Mallery involved a deduction for gift tax, whereas this one involves a deduction for income tax, is immaterial. The important fact is that both depend upon the same question—whether or not the Otto Co. was organized and operated

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

\* \* \* \* \* \* \*

(2) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; * * *

in 1934 exclusively for charitable purposes. That question is *res adjudicata* for present purposes and it follows that the Commissioner erred in disallowing the deduction.

Furthermore, the facts here, being substantially the same as those in the prior case, our decision on the merits would be that the Otto Co. was operated exclusively for charitable purposes in 1934 and the deduction would be allowable. *Otto T. Mallery, supra.* The Commissioner concedes that the other tests of section 23 (o) (2) have been met.

*Decision will be entered that there is a deficiency of $81.*