OPINION. Leech, Judge: In determining the deficiency respondent has treated the items in controversy as if petitioner were claiming them as deductions representing claims against the estate of the decedent allowable under section 812 (b) (3), of the Internal Revenue Code, supra. He disallowed those evidenced by unpaid notes held by decedent’s children by applying the limitation of that section to claims “for an adequate and full consideration in money or money’s worth.” The others he disallowed upon the ground that they represent not claims against decedent’s estate, but against the trust estate. Had petitioner asked credit for these items as claims against decedent’s estate, it may well be that respondent’s disallowance would have been proper upon those grounds. Guaranty Trust Co. of New York v. Commissioner, 98 Fed. (2d) 62. It appears, however, that petitioner does not seek to deduct them as claims against the decedent’s estate. Rather it asks that they be reflected as indebtedness of the trust estate in computing the net value thereof for inclusion in the total upon which the estate tax due from decedent’s estate is to be computed. Petitioner does not question- the fact that the net value of the trust estate, as of decedent’s death, is to be included in the total upon which the estate tax is to be computed. That value is the real issue here and is a question of fact. That value is the gross fair market value of the trust corpus as of decedent’s death, less the amount of legal encumbrances against it as of that date. Commissioner v. Procter, 142 Fed. (2d) 824, affirming this Court on that point. In determining .the question of value the indebtedness to be offset against gross value need merely be legal and enforceable. The limitation of section 812 (b) (3), supra, has no application, since that limitation applies only to “claims against the estate” of the decedent. The trust estate, even though its net value is to be included in computing the estate tax due, is separate and distinct from the decedent’s estate and the individuality of the indebtedness of each must be recognized. Estate of Frederic E. Baldwin, 44 B. T. A. 900. In fact, respondent has recognized this principle in disallowing certain of the items contested here as claims against the trust estate and consequently not deductible from the decedent’s estate. That the unpaid notes held by decedent’s children evidenced valid, legal, and enforceable claims against the trust estate as of decedent’s death can not, we think, be questioned. Even respondent does not do so. Shortly after the death of the decedent and before the pending controversy arose, the bank, trustee under her trust, brought a proceeding before the Court of Common Pleas of Summit County, Ohio, for the purpose of construing the trust so as to obtain an authoritative determination of its legal rights and duties and the respective rights and interests of the several beneficiaries thereunder. This proceeding was not collusive. It was adverse. It had no tax motive. The court formally decided and decreed that these unpaid notes to her children, at the decedent’s death, were “obligations” of or “encumbrances” upon the “corpus” of the trust estate and payable therefrom — before the five individual trust funds were set up pursuant to the trust instrument. The court apparently reached this conclusion upon the ground that the decedent, by her instructions to the trustee and her directions as to the payment of the notes, had modified the trust agreement fro tanto under the power specifically reserved in the instrument. We think we are bound by that judgment. Blair v. Commissioner, 300 U. S. 5; Freuler v. Helvering, 291 U. S. 35; St. Louis Union Trust Co. v. United States, 143 Fed. (2d) 842; Estate of Sallie Houston Henry, 47 B. T. A. 843. It necessarily follows that the amount of such notes, together with interest thereon to the date of decedent’s death, was properly to be reflected by deduction from the gross value of the trust corpus in computing its net value as of that date. The notes, together with the accrued interest thereon to the date of decedent’s death, aggregating $17,603.25, held by the First-Central Trust Co., occupy a radically different status, however. These were the primary obligations of Fred S. Harter, decedent’s son, and evidenced loans to him from that bank. The trust estate was only secondarily liable, as a guarantor, for the payment of these loans in the amount of its security pledged therefor. After paying the notes from the corpus of the separate trust set up for the benefit of Fred S. Harter, the trustee had and exercised the right of recoupment of that payment from the latter. There is thus no basis for the deduction of this item in determining the net value of the original trust estate of which the separate trust for Fred S. Harter was a part. The corpus was not diminished by this expenditure since, coincident therewith, a collectible claim arose in favor of the trust and in the amount of the payment made. This was the judgment of the state court in the above mentioned proceeding. For the same reasons and upon the same authorities appearing above, that judgment concludes us here. The trustee’s commissions in the sum of $3,000 and the attorneys’ fees in the amount of $1,775 are likewise not deductible in computing the net value of the trust estate as of the date of the death of the decedent since the liabilities for those commissions and fees did not exist at the date of decedent’s death. These commissions are not of the character of those involved and allowed as deductions in determining the net value of the trust estate in Estate of Frederic E. Baldwin, supra. In that case the trust terminated upon the death of the decedent. The commissions allowed were those in a fixed percentage of the value of the trust property, which were stipulated to be due and payable in that amount upon termination of the trust. Accordingly those commissions were held to be accruable as a liability of the trust estate upon decedent’s death. Here the trust created by the decedent did not terminate upon her death. The trustee continued to hold the trust corpus and was merely required at the death of decedent to divide it into five equal portions to be thereafter held upon five separate trusts. The fees of $3,000, allowed here by the court to the trustee, appear to be not a percentage commission for receiving and paying out, but commissions in a lump sum for the additional service rendered by the trustee in bringing the proceeding for a declaratory judgment, in segregating the property into five equal portions, and in paying off indebtedness under the direction of the court’s decree, all of which services were performed and the liability to pay for.the same arose, after decedent’s death. The contested deduction of the $40 alleged to have been paid by petitioner as the cost of the appraisal of the principal trust property after the death of the decedent; the item of $748.29, expended by the trust after decedent’s death, for taxes, maintenance, repairs, and in connection with the sale of property belonging to the trust estate; and the costs and fees paid by the trustee in connection with the declaratory judgment proceeding, are not deductible for the same reason. Reviewed by the Court. Decision will be entered under Rule 50. Murdock, J., concurs only in the result.