SUPPLEMENTAL OPINION. Harron, Judge: The respondent has abandoned the contention that the transfer of property to The Yose Family Trust was made in contemplation of death, and that gifts of the trust certificates were made in contemplation of death. The petitioners concede that part of the value of the trust in question is includible in the decedent’s gross estate because of his retention of the use of part of the income thereof, and of a power of appointment by will of those who could have the use of the trust after his death. The question is whether there shall be excluded from the amount of the trust which is includible in the gross estate, the total amount, $200,000, of the outstanding trust certificates, as petitioners contend. They now rely chiefly upon the recent Decree of the Probate Court of Dukes County. The main authority relied upon is Estate of Rose M. Harter, 3 T. C. 1151. We have given further consideration to the various contentions of the parties. When this proceeding was first considered, there was not before us any determination under the law of Massachusetts of the obligations of the trustees and of the rights of the holders of the trust certificates under the Declaration of Trust creating The Yose Family Trust. Furthermore, the provisions of the will of the decedent under which he exercised the power of appointment which he gave to himself in the Declaration of Trust, were such that we believed there was ambiguity, or at least uncertainty, about the effect of the exercise of the power of appointment upon the rights of the holders of the trust certificates under The Vose Family Trust. In that situation, we could not conclude that the decedent, during his lifetime, irrevocably disposed of part of the corpus and of interests in the income of the corpus of The Vose Family Trust which the outstanding trust certificates represented, so that the value of the trust corpus so represented should not be included in the gross estate of the decedent under any provision of section 811 of the Code. We now conclude and hold that the amount of the outstanding trust certificates, together with interest thereon at the date of the decedent’s death, must be taken into account in computing the net value of the corpus of The Vose Family Trust which is includible in decedent’s gross estate by deduction from the gross value of the trust corpus as of the date of decedent’s death. It has been determined by a probate court of Massachusetts in an adverse, non-collusive proceeding, that the outstanding trust certificates in the total amount of $200,000 were (1) valid obligations of the trust; (2) a first charge against and encumbrance upon the trust corpus; (3) payable as a first charge out of trust corpus upon the termination of the trust; and (4) that interest on the trust certificates was payable quarter-annually. The probate court determined, also, that the execution and delivery of the trust certificates constituted an irrevocable appropriation of corpus up to $200,000, and that this amount of corpus was not subject to or affected by the decedent’s exercise of the general power of appointment reserved to him. We understand the decree of the probate court to mean that the decedent, during his lifetime, upon the making of his gifts of the executed and issued trust certificates to the donees, relinquished pro tanto and irrevocably his life interest in the trust corpus and trust income to the extent of the face amount of the interest bearing certificates, and that he, also, relinquished the reserved power of appointment of the trust corpus and income to the extent of the executed and delivered trust certificates. The effect of the decree of the probate court is that present and completed gifts were made of the trust certificates; that they constituted irrevocable obligations of the trustees ; and that the trust certificates constitute a prior charge upon the trust corpus ahead of any interests created by the exercise of the reserved power of appointment. We think we are bound by the decree of the probate court. Freuler v. Helvering, 291 U. S. 35; Blair v. Commissioner, 300 U. S. 5; Estate of Sallie Houston Henry, 47 B. T. A. 843, 849; Estate of Rose M. Harter, supra. See, also, Regulations 105, section 81.15, page 45, where it is said that: If a portion only of the property was so transferred as to come within the terms of the statute, only a corresponding proportion of the value of the property should be included in ascertaining the value of the gross estate. * * * We think it has been established that the decedent irrevocably made gifts, during his lifetime, of interests in the portion of the corpus and income of The Yose Family Trust which $200,000, principal amount, of trust certificates represents, and that such portion is beyond the reach of section 811 of the Code. Therefore, the respondent’s determination is reversed. This issue presented comes within the ambit of Estate of Rose M. Harter, supra. The conclusions heretofore reached in this proceeding are, accordingly, modified. The respondent, in determining the deficiency, did not allow any credit for payment of state inheritance and succession taxes. Allowance therefor can be made in a Rule 50 recomputation of the deficiency. Decision will be entered under Rule 50.