Harry G. McNEELY; Donald G. McNeely; F.A. Koscielak, as Executors of the Estate of Adelaide F. McNeely, deceased, Appellants,

v.

UNITED STATES of America, Appellee.

No. 93–1462.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1993.

Decided Feb. 11, 1994.

Counsel who presented argument on behalf of the appellants was F. William Haberman of Milwaukee, WI.

Counsel who presented argument on behalf of the appellee was Janice B. Geier of Washington, DC.

Before FAGG and WOLLMAN, Circuit Judges, and VIETOR,* District Judge.

WOLLMAN, Circuit Judge.

The estate of Adelaide F. McNeely seeks a refund of federal estate tax, plus interest, claiming that the Internal Revenue Service (IRS) erroneously included certain assets in the gross estate. The district court concluded that certain gifts made by McNeely within three years of her death with assets derived from her revocable trust were includible in the gross estate under Section 2038(a)(1) of the Internal Revenue Code of 1986, as amended (the "Code"). It therefore granted the government's motion for summary judgment and denied the estate's motion for summary judgment. We reverse.

On December 17, 1984, McNeely executed a trust agreement. Under Article One of the trust, she reserved the unilateral right to amend or revoke the trust. Under Article Two, she reserved the right to direct the trustee's distribution of principal and income, as follows:

2.1   The trustee shall pay to me, or to my order, the entire net income from the trust estate in monthly or other convenient installments.

2.2   The trustee shall pay to me, or one or more other persons, such sums from the principal of the trust estate as I may from time to time request in writing.

At McNeely's direction, certain marketable securities were transferred in 1985 and 1987 from the trust to thirteen of her descendants. McNeely died on March 6, 1987.

The 1985 and 1987 gifts, minus the annual exclusion amounts, were reported as adjusted taxable gifts on the estate tax return and on McNeely's 1985 and 1987 gift tax returns.

The assets remaining in the trust on the date of McNeely's death were reported on Schedule G of the estate tax return as includible in the gross estate under Section 2038 of the Code. Following an audit of McNeely's estate tax return, the IRS concluded that the 1985 and 1987 gifts were includible in the gross estate, adjusted the gross estate by the date of death value of the gifted assets, and assessed a tax deficiency against the estate. The estate paid the additional tax and interest assessed and filed a claim for refund with the IRS. The IRS denied the claim; and the estate commenced this suit.

Generally, the value of gifts made within three years of death by a decedent who dies after 1981 are not includible in the decedent's gross estate. I.R.C. § 2035(d)(1) (1986). However, Section 2035(d)(2) provides that this rule does not apply "to a transfer of an interest in property which is included in the value of the gross estate under section 2036, 2037, 2038, or 2042 or would have been included under any of such sections if such interest had been retained by the decedent." Section 2038 concerns revocable transfers and provides in pertinent part:

The value of the gross estate shall include the value of all property—

... To the extent of any interest therein of which the decedent has at any time made a transfer ... where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power ... to alter, amend, revoke, or terminate, or where any such power is relinquished during the 3–year period ending on the date of the decedent's death.

I.R.C. § 2038(a)(1).

The parties agree that the first clause of Section 2038(a)(1) reaches only the assets that remained in the revocable trust at the time of McNeely's death and that those assets were correctly included in the gross estate. They disagree, however, on whether the second clause of 2038(a)(1), pertaining to relinquishment of a power during the three-year period before death, applies to the 1985

* The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa, sitting by designation.

and 1987 gifts. The government contends that McNeely relinquished her power to alter, amend, revoke, or terminate the trust with respect to the gifted assets. The estate argues that Section 2038 does not apply because the transfers constituted an exercise, not a relinquishment, of McNeely's reserved trust powers.

"The determination of whether transfers occurring within 3 years of death are to be included in a decedent's gross estate pursuant to section 2038 turns on the particular terms of the trust agreement and the specific powers granted therefrom." *Estate of Barton v. Commissioner*, 66 T.C.M. (CCH) 1547, 1549, 1993 WL 503909 (1993) (citation omitted). In *Estate of Jalkut v. Commissioner*, 96 T.C. 675, 1991 WL 64935 (1991), Jalkut had established a revocable trust which directed the trustees to pay during Jalkut's life "such sums from the principal as he may request." *Id.* at 676. Within three years of his death, Jalkut made direct transfers from the revocable trust to six donees. The tax court maintained that the gift transfers could only have been effected pursuant to Jalkut's power to withdraw principal from the trust because, at the time of the transfers, Jalkut was the sole permissible distributee of the principal of the trust. It concluded that "[b]y characterizing the transactions ... as withdrawals preceding direct gift transfers from the decedent, it necessarily follows that the transfers do not constitute a relinquishment of the decedent's power to alter, amend, revoke, or terminate the trust with respect to the transferred assets as contemplated under section 2038." *Id.* at 685.

In *Estate of Barton*, Barton had established a revocable trust which required the trustee to "pay any part of the principal of the trust estate as the Grantor [Barton] may direct in writing." *Barton*, 66 T.C.M. (CCH) at 1548. Within three years of her death, Barton directed the agent for her trust to make a series of stock transfers from the trust principal to various individuals. The government argued that Barton relinquished her power to revoke with respect to the assets transferred. The tax court disagreed. It stated that "[c]ontrary to [the government's] assertion, directing the withdrawal of trust assets herein does not amount to the relinquishment of any of decedent's retained powers; it is an exercise of decedent's power as grantor/trustee to invade the trust corpus at will, a power which she specifically retained for herself." *Id.* at 1549.

■ Like Barton, McNeely retained the power to invade the trust corpus at will. As set forth above, Article Two of the trust agreement provided that the trustee "shall pay to me, or one or more other persons, such sums from the principal of the trust estate as I may from time to time request in writing." The government asserts that the present case is distinguishable from *Jalkut* because the language providing payment to "one or more other persons" created a large class of permissible donees. We disagree. No distributions could be made absent McNeely's direction. The language is analogous to that contained in Barton's trust, which directed payment as she "may direct in writing." Accordingly, we conclude that rather than relinquishing any retained powers when she directed the 1985 and 1987 gifts to be made, McNeely was exercising her power to invade the trust corpus at will.[1]

■ Alternatively, the government argues that the last clause of Section 2035(d)(2) requires inclusion of the 1985 and 1987 transfers in the gross estate because the interest in the transferred stock would have been included under Section 2038 "if such interest had been retained by the decedent." This argument goes too far. It implies that all dispositions from a revocable trust are subject to the three-year rule, thereby contradicting not only the holdings in *Jalkut* and

---

1. We note that McNeely gained no tax advantage in establishing the revocable trust, as she continued to pay taxes on the trust income throughout her life. We also note that the gifts were subject to the transfer tax system when made. The government concedes that if the gifted stock had been retitled in McNeely's name before being transferred to her descendants, the gifts would not have been includible in the gross estate. It does not contend that this interpretation of the Code serves any identifiable tax policy. We conclude that McNeely's failure to go through this two-step process did not render her directions to transfer the securities a relinquishment rather than an exercise of her powers.

*Barton,* but also the government's own acknowledgment that a withdrawal and retitlement followed by a gift would not be included in the gross estate.

The judgment is reversed, and the cause remanded to the district court for entry of judgment in favor of the estate.