**Eric S. WHITE, Administrator C.T.A. of the Estate of Lucy Lee Bennett, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 92–11672–RCL.**

United States District Court, D. Massachusetts.

Aug. 7, 1995.

Gerald B. O'Grady, III, Tyler & Reynolds, P.C., Boston, MA, for Plaintiff.

Susan M. Poswistilo, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

LINDSAY, District Judge.

This case concerns the federal taxes on the estate of Lucy Lee Bennett. The plaintiff, Eric White, administrator of the estate, brings suit against the government for a refund of federal estate taxes and interest paid on the Bennett estate.

In 1957, Lucy Lee Bennett created a revocable trust, reserving the right under the trust's fifteenth article to amend its terms by written instrument delivered to trustees. By written instrument dated September 5, 1980, Bennett deleted the third and fourth articles of the trust and substituted a new third article directing trustees to distribute $6000.00 annually to each of her children and grandchildren, to begin the following year. The trustees, however, failed to distribute the gifts for 1981 and 1982. Bennett further amended the trust to direct that the missed 1981 and 1982 distributions be made together. At the time of Bennett's death in 1987, the trustees had made the designated gifts for the years 1981, 1982, 1984, and 1985. Gifts had not been made for 1983, 1986, and 1987. These gifts were eventually made after Bennett's death.

The instant suit concerns two issues: first, whether the 1986 and 1987 gifts should have been included in Bennett's estate under the "three-year" rule mandating inclusion of gifts made within three years of death where an interest is retained, *see 26 U.S.C.A. §§ 2035, 2038;* and second, whether the 1983 distribution, although not subject to this rule, should have been included in Bennett's gross estate for tax purposes. The plaintiff seeks a tax refund on amounts of $113,032.57 and $3,026.33 paid by the plaintiff in 1991 together with accrued interest, on the premise that none of these gifts should have been included in Bennett's taxable estate.

The defendant filed a motion for summary judgment seeking to dismiss this case. The plaintiff also filed for summary judgment, claiming entitlement, as a matter of law, to recovery of federal estate taxes paid and interest on that amount. This court referred the motions for summary judgment to Magistrate Judge Marianne R. Bowler for a report and recommendation. On March 30, 1995, Judge Bowler issued her Report and Recommendation, in which she recommended that the defendant be granted partial summary judgment on the correctness of its assessment of the plaintiff's tax deficiency with respect to the 1986 and 1987 gift distributions. Judge Bowler also recommended partial summary judgment for the plaintiff on the issue of the exclusion of the 1983 distribution from Bennett's gross estate. Both parties have filed objections to the Report and Recommendation.

■ This court first considers the includibility of the 1986 and 1987 gifts. Generally, gifts made within three years of death by a decedent dying after 1981 are not includible in the decedent's gross estate. I.R.C. § 2035(d)(1) (1986). However, Section 2035(d)(2) excepts, among others, gifts that fall under the provisions set forth in Section 2038 of the tax code. Section 2038 deals with revocable transfers and provides in pertinent part:

> the value of the gross estate shall include the value of all property . . . to the extent of any interest therein of which the decedent has at any time made a transfer . . . where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power . . . to

alter, amend, revoke, or terminate, or where any such power is relinquished during the 3–year period ending on the date of the decedent's death.

I.R.C. § 2038(a)(1); *see also McNeely v. United States*, 16 F.3d 303, 304 (8th Cir. 1994). The general rule, therefore, is that if a decedent either could affect the enjoyment or conditions of a gift, or gives up the power to do so within three years of his or her death, the gift *is* includible in the taxable estate.

The tax court has held, however, that not every gift transfer is characterized by an exercise or relinquishment of the power to alter or amend, as contemplated in Section 2038. If a gift is made pursuant to the decedent's power of withdrawal, the gift is not includible in the taxable estate. *See Estate of Barton v. Commissioner*, 66 T.C.M.(CCH) 1547, 1993 WL 503909 (1993); *Estate of Jalkut v. Commissioner*, 96 T.C. 675, 1991 WL 64935 (1991).

In her Report and Recommendation, Judge Bowler opined that Bennett had relinquished her power to alter or amend the 1986 and 1987 gifts, and that these gifts are includible in the gross estate. Judge Bowler reasoned that, after the scheduled transfer date, Bennett could no longer change or revoke these gifts. According to Judge Bowler, the fact that Bennett could no longer exercise the power she once had over the gifts represented a relinquishment of that power and subjected the gifts to taxation under Section 2038.

■ Following the logic of the guiding tax cases, this court chooses to base its decision not, as Judge Bowler did, on the donor's ability to affect the gifts once made, but on the nature of the donor's power at the time of making the gifts. In so doing, this court refers to the lesson of the *Jalkut* case cited above, where a tax court found that gifts made by donor while competent were not includible in the gross estate, while gifts made at the discretion of trustees when donor was no longer competent were includible for tax purposes. *Id.*, 96 T.C. 675. Similarly, this court finds it significant that the gifts held to be made pursuant to withdrawal power in both *McNeely, supra*, and *Kisling v.*

*Commissioner*, 32 F.3d 1222 (8th Cir.1994), were made, as in the instant case, at the written instruction of the donor and not at the trustees' discretion. The fact that Bennett could not recall her gifts does not alter the fact that she could only have made them pursuant to her power to withdraw income, because the terms of her trust made her the sole individual with power to invade the trust corpus.

This court therefore agrees with the logic expressed by the *Jalkut* court: "the gift transfers could only have been effected pursuant to the decedent's power to withdraw income and principal from the trust. By characterizing the transactions … as withdrawals preceding direct gift transfers, it necessarily follows that the transfers do not constitute a relinquishment of the decedent's power to alter, amend, or terminate the trust with respect to the transferred assets as contemplated under section 2038." *Jalkut*, 96 T.C. at 683.

Bennett's specification that the gifts be made is the relevant exercise of power in this case, and represents a withdrawal preceding a gift transfer. She specified the amount and timing of the gifts, and the terms of her trust bound the trustees to abide by her orders. Gifts made pursuant to the exercise of withdrawal power are not includible in the gross estate, and therefore the 1986 and 1987 gifts are should not be included in Bennett's gross estate. The plaintiff thus is entitled to summary judgment in his favor on this first issue.

■ The second issue in this case is whether the missed distributions are either proper schedule K deductions on the total estate tax debt, or, alternatively, whether the missed distributions reduce the includible net value of the trust in the estate. Judge Bowler's Report endorsed the plaintiff's argument that the value of the plaintiff's gross estate, which includes the "value of all property to the extent of any interest therein of which the decedent has at any time made a transfer," 26 U.S.C. § 2036, should represent the fair market value of the plaintiff's property. According to Judge Bowler, the trust was legally bound to make good on the missed

gift distributions, totaling $180,000, after Bennett's death. Judge Bowler recommended that these gifts be therefore viewed as debits against the gross estate's fair market value. *See Estate of Harter v. C.I.R.*, 3 T.C. 1151 (1944) (the value of legally enforceable promissory notes outstanding against a trust should be deducted from gross taxable estate). This court adopts Judge Bowler's reasoning and accepts her recommendation that plaintiff be awarded summary judgment on this issue. Judgment shall enter for the plaintiff, Eric S. White, administrator of the estate of Lucy Lee Bennett.

So ordered.